IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLIFFORD D. HAYES, Individually and as Trustee of
CLIFFORD. D. HAYES REVOCABLE LIVING TRUST                             PLAINTIFF

v.                              Case No. 5:09-CV-05122

FEDERAL DEPOSIT INSURANCE CORPORATION,
Receiver for ANB FINANCIAL NA                                         DEFENDANT

**OPINION AND ORDER**

Currently before the Court is a motion filed by Defendant Federal Deposit Insurance Corporation, as Receiver for ANB Financial NA ("FDIC-R") (Doc. 14) to set aside the clerk's order of default and the default judgment entered by the Court and to vacate the Court's order compelling satisfaction of the judgment. Also before the Court are FDIC-R's brief in support of its motion (Doc. 15), Plaintiff Clifford D. Hayes's response in opposition (Doc. 17) and supporting documents (Doc. 18 and attached exhibits), and FDIC-R's reply (Doc. 20).

Mr. Hayes originally filed this case on June 24, 2009. Counsel for Hayes filed an affidavit averring that FDIC-R was served on August 5, 2009. (Doc. 4). When FDIC-R did not file a timely answer, Hayes filed both an affidavit in support of default (Doc. 6) and a motion for default judgment (Doc. 7). A clerk's entry of default was docketed on November 13, 2009. (Doc. 8). The case was reassigned from the originally presiding judge to another judge on April 8, 2010. It appears that at that time, the motion for default judgment was administratively terminated without a ruling. The case was then reassigned to the undersigned a year later, on March 2, 2011. Hayes filed another motion for default judgment on June 3, 2011. (Doc. 9). FDIC-R did not file a response, and the Court entered judgment against FDIC-R on July 18, 2011. (Doc. 10). The case was closed. Two

years later, Hayes filed a motion to compel satisfaction of the judgment. (Doc. 11). FDIC-R did not respond, and the Court granted Hayes's motion on July 9, 2013. (Doc. 14). Again, the case was closed. Six months later, on January 8, 2014, FDIC-R filed the instant motion to set aside default.

FDIC-R argues that the clerk's entry of default and the Court's default judgment should be set aside as void on the basis that FDIC-R was never properly served, such that the Court never obtained personal jurisdiction over FDIC-R and FDIC-R was never obligated to filed a responsive pleading. Alternatively, FDIC-R argues that the default should be set aside based on Hayes's failure to comply with Federal Rule of Civil Procedure 55(d) and because FDIC-R has a meritorious defense. Because the Court finds that the default must be set aside as void due to improper service, the Court need not to address FDIC-R's alternative arguments.

There is a judicial preference for adjudication on the merits stemming from an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). The determination regarding whether to set aside an entry of default is left to the court's sound discretion. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997). The Court is, however, bound by the Federal Rules, which provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). FDIC-R argues that the default in this case should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(4), which provides in relevant part that "the court may relieve a party . . . from a final judgment [if] . . . the judgment is void." "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Johnson v. Arden*, 614 F.3d 785, 799 (8th Cir. 2010) (quotation omitted). Furthermore, although a court's decision to set aside a default judgment is generally viewed as an extraordinary remedy left to the discretion of the court,

"relief from a judgment that is void under Rule 60(b)(4) is not discretionary." *Id*. (quotation omitted).

Although some circuits have found that there is no time limit on motions made pursuant to Rule 60(b)(4),[1] the Eighth Circuit has stated that "[a] Rule 60(b)(4) motion must be made within a reasonable time." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008). It does not appear that the Eighth Circuit has specifically addressed what is reasonable in the context of a Rule 60(b)(4) motion. Other courts, however, tend to give a very broad view as to what is reasonable when a judgment is challenged as being void. *See, e.g., United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d. Cir. 2000) ("no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought"); *Harris v. Corrs. Corp. of Am.*, 332 Fed. Appx. 593, 595 (11th Cir. 2009) (unpublished) (while Rule 60(b)(4) motions must be brought within a reasonable time, "virtually any time is reasonable for challenges to void judgments" under the Rule); *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123-24 (6th Cir. 2008) (while Rule 60(b)(4) motions must be made within a reasonable time, "this Court has been exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges" and "for all intents and pruposes, a motion to vacate a default judgment as void may be made at any time") (internal quotation omitted).

Hayes argues that FDIC-R's instant motion is untimely, coming two-and-a-half years after entry of the default judgment and six months after the Court entered an order compelling satisfaction of that judgment. There is no evidence, however, as to when the proper person or persons received

---

[1] *See, e.g. Bell Helicopter Textron, Inc. v. Islamic Repub. of Iran*, 734 F.3d 1175, 1180 (D.C. Cir. 2013) (finding no time limit for Rule 60(b)(4) motions and citing to opinions from other circuits reaching the same conclusion).

notice of this litigation such that the FDIC-R should have acted earlier. Hayes points to a letter sent in response to an inquiry on Hayes's behalf by Congressman Steve Womack, but the letter does not acknowledge actual notice of this litigation by any pertinent person on any particular date. The letter was sent just one month prior to the FDIC-R filing to set aside the default. The Court cannot find that a one-month delay in filing a motion is unreasonable, especially in the context of a motion challenging the judgment as void pursuant to Rule 60(b)(4).

As to the merits of the motion, if a defendant is improperly served, the Court lacks jurisdiction over the defendant, despite any actual notice of the lawsuit that the defendant may have, rendering a default judgment void under Rule 60(b)(4). *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). FDIC-R is an agency of the United States. Pursuant to Federal Rule of Civil Procedure 4(i)(2), to achieve proper service on an agency of the United States, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Service on the United States must be effected by "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," and "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). Hayes does not dispute that he did not serve either the United States Attorney for this district or the Attorney General. The Court must find, therefore, that FDIC-R was not properly served, and that the Clerk's entry of default must be set aside for good cause shown, and the Court's entry of default judgment must be set aside as void pursuant to Federal Rule of Civil Procedure 60(b)(4) for lack of personal jurisdiction over Defendant FDIC-R. As a result, the Court's order compelling satisfaction of the now void judgment is vacated.

Although it is Plaintiff's counsel's responsibility to comply with the Federal Rules in effecting proper service, it appears that the defect in service was not brought to counsel's attention until FDIC-R filed its instant motion. The Court finds that good cause exists to allow Hayes the opportunity to perfect service of process on FDIC-R. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to perfect service], the court must extend the time for service for an appropriate period."); *see also Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (noting that a court also has discretion to extend time for service even in the absence of good cause) (citing to Rule 4 Advisory Committee Notes (1993)). The Court will therefore extend the period of time for perfecting service of process for an additional forty-five days from the date of this order.

For the reasons set forth above IT IS HEREBY ORDERED that Defendant's motion set aside default and vacate order compelling satisfaction of judgment (Doc. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk's entry of default (Doc. 8) is SET ASIDE.

IT IS FURTHER ORDERED that the default judgment (Doc. 10) is SET ASIDE as void.

IT IS FURTHER ORDERED that the order compelling satisfaction of judgment (Doc. 13) is VACATED.

IT IS FURTHER ORDERED that the time for Plaintiff to perfect service of process is extended to 45 days from the date of this order, which the Court calculates to be September 1, 2014.

**IT IS SO ORDERED** this 17th day of July, 2014.

/s/ *P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE